*J. Brownlee*, for the appellee.

Nov. Term,
1859.

PAVY
v.
RAMSEY.

---

Saturday,
December 24.

---

## PAVY and Another *v.* RAMSEY, Executrix.

Where the judge of the Common Pleas is counsel in a case cognizable in that Court, the suit ought to be brought in the Circuit Court.

APPEAL from the *Fayette* Circuit Court.

HANNA, J.—Suit on a note for 1,100 dollars, due *February* 2, 1858. Judgment by agreement against *James*, the principal, and, by agreement, certain issues tried by a jury as to the liability of *Pavy*, who was admitted to be a surety only. Those issues were, denial, payment, and discharge by failure to sue after written notice, &c. The case, as to the surety, turned upon the latter issue. It is

Saturday,
December 24.

complained that the Court erred as to instructions; and that the evidence does not sustain the verdict, &c.

The answer avers that the notice to sue was given on the 5th of *January*, 1858. The reply is that such notice was received about the 1st of *April*, 1858. The suit was brought at the first term of the Circuit Court thereafter. The evidence shows that when the notice was given, there were credits on the note reducing the amount due to a sum less than 1,000 dollars; that, upon maturity, the note was placed in the hands of *Reid;* that he was the Common Pleas judge, &c., but attorney for the plaintiff in all matters not "arising or directly concerned in the Common Pleas Court. *Heron* and *Wilson* were her attorneys in that Court."

The verdict returned was for the plaintiff, &c.

The instructions were upon the question whether a suit should have been instituted in the Common Pleas. That refused is, perhaps, proper as an abstract proposition; but when viewed in reference to the evidence in this case, we think, was properly refused under § 9, 2 R. S. p. 17, which provides that where the Common Pleas judge has been, or may be, of counsel, &c., in a case cognizable in that Court, suit shall be brought in the Circuit Court, &c. It would seem to be useless to bring a suit in a Court merely to have the jurisdiction ousted. *Witter* v. *Taylor*, 7 Ind. R. 111. If we are right in the conclusion that, under the circumstances, the suit ought not to have been brought in the Common Pleas, before Judge *Reid*, then the defense fails.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*N.* and *G. Trusler*, for the appellants.

*J. S. Reid*, for the appellee.